# ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

Short Title: In re Removal of District Judge Docket No.: 13-3088; 13-3123 (corrected)

Lead Counsel of Record (name/firm) or Pro se Party (name): Burt Neuborne

Appearance for (party/designation): Hon. Shira A. Scheindlin

## DOCKET SHEET ACKNOWLEDGMENT/AMENDMENTS

**Caption** as indicated is:
( ✓ ) Correct
( ) Incorrect. See attached caption page with corrections.

**Appellate Designation** is:
( ✓ ) Correct
( ) Incorrect. The following parties do not wish to participate in this appeal:
Parties: ______
( ) Incorrect. Please change the following parties' designations:
Party Correct Designation

**Contact Information** for Lead Counsel/Pro Se Party is:
( ) Correct
( ) Incorrect or Incomplete, and should be amended as follows:

Name: Burt Neuborne
Firm: NYU School of Law
Address: 40 Washington Square South
Telephone: (212) 998-6172 Fax: (212) 995-3121
Email: burt.neuborne@nyu.edu

## RELATED CASES

( ✓ ) This case has not been before this Court previously.
( ) This case has been before this Court previously. The short title, docket number, and citation are: ______

( ) Matters related to this appeal or involving the same issue have been or presently are before this Court. The short titles, docket numbers, and citations are: Floyd v. City of New York, 13-3088; Ligon et al v. City of New York, 13-3123 (Corrected)

## CERTIFICATION

I certify that ( ✓ ) I am admitted to practice in this Court and, if required by LR 46.1(a)(2), have renewed my admission on Feb. 5, 2010 OR that ( ) I applied for admission on ______ or renewal on ______. If the Court has not yet admitted me or approved my renewal, I have completed Addendum A.

Signature of Lead Counsel of Record: [signature]
Type or Print Name: Burt Neuborne
OR
Signature of pro se litigant: ______
Type or Print Name: ______
( ) I am a pro se litigant who is not an attorney.
( ) I am an incarcerated pro se litigant.

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 13-3123 (corrected); 13-3088 Caption [use short title]

**Motion for:** Leave to Appear re: Order of Removal

In re Removal of District Judge

Set forth below precise, complete statement of relief sought:

Undersigned seeks leave to appear on behalf of Hon. Shira A. Scheindlin to address legal and factual issues raised by the Motion Panel's order of removal dated Oct. 31, 2013.

**MOVING PARTY:** Hon. Shira A. Scheindlin

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**OPPOSING PARTY:** City of New York

**MOVING ATTORNEY:** Burt Neuborne

**OPPOSING ATTORNEY:**

[name of attorney, with firm, address, phone number and e-mail]

40 Washington Square South
New York, New York 10012
(212) 998-6172
burt.neuborne@nyu.edu

N/A

Court-Judge/Agency appealed from: Motion Panel (Hons. John M. Walker; Jose Cabranes; Barrington D. Parker, Jr.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested? ☑ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date: after March 14, 2014

**Signature of Moving Attorney:** [signature] **Date:** Nov 6, 2013

Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: ______________ By: ______________

**Form T-1080** (rev. 7-12)

UNITED STATES COURT OF APPEALS
for the
Second Circuit

---

In re Order of Removal of District Judge

---

Jaenean Ligon, et al.,
Plaintiffs-Appellees — 13-3123 (Corrected)

v.

City of New York, et al.,
Defendants-Appellants

---

David Floyd, et. al.,
Plaintiffs-Appellees — 13-3088

v.

City of New York, et al.,
Defendants-Appellants

---

Request for Leave to File Motion to Address Order of Disqualification

The undersigned counsel move for leave to appear on behalf of Hon. Shira A. Scheindlin (hereafter "the District Judge") in order to address so much of the order of the Motion Panel herein, dated October 31, 2013, as directed the removal of the District Judge as presiding judge in *David Floyd et al. v. City of New York*

(13-3088), and *Jaenean Ligon, et al. v. City of New York et al.* (13-3123) (corrected), and found that the District Judge "ran afoul" of the Code of Conduct for United States Judges. A copy of the Motion Panel's ruling is annexed hereto as Exhibit 1.

This motion is brought pursuant to Rules 21(b)(4), 27, and 29 of the Federal Rules of Appellate Procedure; 28 U.S.C .§ 2106; 28 U.S.C. § 1651 (the All Writs Act); and the First and Fifth Amendments to the Constitution of the United States.

Counsel seek leave in the nature of an order under Rule 21(b)(4) of the Federal Rules of Appellate Procedure governing mandamus proceedings providing for appellate review of motions for judicial disqualification pursuant to 28 U.S.C. § 455, authorizing counsel to appear on behalf of the District Judge in order to address the factual and legal sufficiency of the Motion Panel's *sua sponte* order of removal.

The undersigned are prepared to appear as counsel for Judge Scheindlin, or as *amici curiae* on her behalf, in accordance with the wishes of the court.

In support of the motion, counsel state:

1. The District Judge has served with distinction as a trial judge in the Southern District of New York since November, 1994.
2. From March 18, 2013 to May 20, 2013, the District Judge presided over an extensive trial in *David Floyd, et al. v. City of New York* (13-3088),

challenging the constitutionality of certain "stop and frisk" practices engaged in by the New York City Police Department ("NYPD") that were alleged to violate the Fourth Amendment's prohibition on unreasonable searches and seizures and the Fourteenth Amendment's guaranty of equal protection of the laws.

3. From October 15, 2012 to November 7, 2012, the District Judge presided over a hearing on a motion for preliminary injunction in *Jaenean Ligon, et al. v. City of New York, et al.* (13-3123) (corrected), seeking injunctive relief against allegedly unlawful "stop and frisk" practices engaged in by the NYPD.

4. At no point during the extensive trial in *Floyd*, the hearing on injunctive relief in *Ligon*, or during the proceedings that preceded the hearings in either case, did any party seek the disqualification of the District Judge, by recusal or otherwise, or claim that she had violated any Canon of the Code of Conduct for United States Judges; nor did any party raise an objection under Local Rule 13 Governing the Distribution of Business Among District Judges. A copy of Local Rule 13 is annexed hereto as Exhibit 2.

5. On August 12, 2013, the District Judge issued a lengthy and detailed opinion holding that the "stop and frisk" practices before the Court

violated the Fourth and Fourteenth Amendments to the United States Constitution.

6. On August 12, 2013, the District Judge issued an order concerning remedies in connection with the NYPD's unconstitutional "stop and frisk" practices.

7. New York City filed an appeal from the District Court's orders on August 16, 2013. On August 27, 2013, New York City moved in the District Court for a stay by letter motion, which was denied by the District Court on September 17, 2013.

8. At no point during the post-trial motion for a stay in the District Court did any party seek the disqualification of the District Judge on any grounds, or allege that she had "run afoul" of any Canon of the Code of Conduct for United States Judges.

9. On October 29, 2013, New York City's application for a stay was argued before a motion panel of this Court, consisting of Hon. John M. Walker, Jr., Hon. José Cabranes, and Hon. Barrington D. Parker, Jr. (hereafter "the Motion Panel").

10. At no point during the oral argument before the Motion Panel did any party seek the disqualification of the District Judge, or allege that she had "run afoul" of a Canon of the Code of Conduct for United States Judges.

When one member of the Motion Panel (Judge Cabranes) *sua sponte* raised the District Court's colloquy with counsel concerning Local Rule 13, and her interviews with the press, neither party responded with a suggestion of disqualification, or an allegation that the Canons of the Code of Conduct for United States Judges had been breached.

11. On October 31, 2013, the Motion Panel issued an order staying enforcement of the District Court's August 12, 2013 orders pending resolution of New York City's appeal on the merits. The Motion Panel directed, in the name of judicial efficiency, that the appeal be heard by the same three judges who constituted the Motion Panel, rather than by random assignment. See Exhibit 1.

12. In addition to the grant of a stay, the Motion Panel issued a *sua sponte* order directing the removal of the District Judge, purporting, without affording the District Judge notice or an opportunity to defend herself, to find that the District Judge had "run afoul" of Canons 2 and 3(C)(1) of Code of Conduct for United States Judges. A copy of the Code of Conduct for United States Judges is annexed hereto as Exhibit 3.

13. With respect, the undersigned counsel believe that the Motion Panel's *sua sponte* order of removal raises troubling issues warranting

reconsideration by the Motion Panel, or in the alternative, en banc review by the full Circuit, on both substantive and procedural grounds.

A.

<u>The Motion Panel's *Sua Sponte* Order Was Procedurally Deficient</u>

14. The Motion Panel's *sua sponte* order directing removal of the District Judge for "running afoul" of Canons 2 and 3(C)(1) of the Code of Conduct for United States Judges is the functional equivalent of a judicial finding that the District Judge behaved improperly.

15. Unlike *United States v. The City of New York*, No. 11-5113-cv (May 14, 2013), where the Circuit panel praised the District Judge, but remanded a portion of the case to a new judge to hold a bench trial because the trial judge's earlier negative characterization of the evidence might raise an appearance of a lack of neutrality, the Motion Panel's order of removal in this case rested on allegations of judicial misbehavior.

16. Rule 21 of the Federal Rules of Appellate Procedure carefully assures that where a district judge is charged with conduct amounting to judicial misbehavior, the judge will receive notice of the allegations pending before a Circuit court, and an opportunity to seek leave to be heard.

17. In the vast bulk of cases, requests for the disqualification of a District Judge are raised by a motion to disqualify in the trial court pursuant to 28

U.S.C. §§ 455(a) and (b). Because denial of such a motion is not a final order, appellate review of an order denying a motion to disqualify is available in every Circuit pursuant to Rule 21 F.R.App. Proc., and 28 U.S.C § 1651 (the All Writs Act). See *Hearings on Examining the State of Judicial Recusal after* Caperton v. A.T. Massey: *Hearings before the Subcommittee on Courts and Competition Policy of the H. Comm. on the Judiciary,* 111 Cong. (2009).

18. In connection with such a Rule 21 proceeding, Rule 21(b)(4) authorizes a district judge to request permission from the Court of Appeals to address the allegations contained in the mandamus petition; or, in the alternative, to request the Circuit to invite an *amicus curiae* to address legal and factual issues posed by the application for a writ of mandamus.

19. Counsel understand that the practice in this Circuit is to grant a district judge's request to be heard, either in person or through *amicus curiae*, prior to issuing an order: (a) removing the judge for alleged misbehavior casting aspersions on the District Judge's judicial integrity; or (b) issuing a writ of a mandamus directing the district judge to engage in other remedial conduct. See *In re German and Austrian Banking Litigation*, 250 F.3d 156 (2d Cir. 2001) (authorizing the appointment of counsel to represent Judge Shirley Kram in a Rule 21 mandamus proceeding);

*Securities & Exchange Commission v. Citigroup Global Markets*, 11-5375 (authorizing the appointment of counsel to represent Judge Jed Rakoff in mandamus proceeding involving actions pending before Judge Rakoff pursuant to the related case doctrine).

20. In this case, the Motion Panel circumvented the formal protections of Rule 21 by acting *sua sponte* in the absence of a request for disqualification from any of the parties. This is particularly noteworthy in light of the parties' failure to request disqualification even after Judge Cabranes' expressions of concern during oral argument.

21. Where, as here, a Circuit panel engages in *sua sponte* action removing a District Judge for alleged improper behavior "running afoul" of the Code of Conduct for United States Judges, the need for notice to the District Judge and an opportunity to be heard is even greater than in the ordinary Rule 21 setting. Under Rule 21, the judge will ordinarily be on notice of the charges against her. Indeed, she will have ordinarily denied a motion for disqualification.

22. Even in such a setting, Rule 21 contemplates notice to the judge and an opportunity to defend herself in the Circuit court.

23. In this case, given the *sua sponte* nature of the order of removal, and the failure of any party to have sought disqualification, or asserted an alleged

violation of the Code of Conduct for United States Judges, during the more than five years that the *Floyd* case was before the District Court, the District Judge was completely blind-sided by the Motion Panel's *sua sponte* order finding that her behavior had "run afoul" of the Code of Conduct for United States Judges.

24. In addition to Rule 21(b)(4), in analogous settings, the Federal Rules of Appellate Procedure require notice and an opportunity to be heard before a court takes adverse action. See Rule 38 F. R. App. Proc. (providing for notice and an opportunity to be heard before the imposition of appellate sanctions on a party).

25. With respect, the Motion Panel's failure to have provided the District Judge with notice and an opportunity to defend herself was not merely a breach of the norms of collegiality and mutual respect that should characterize interactions between District and Circuit judges, it is an affront to the values underlying the Fifth Amendment's guaranty of procedural due process of law.

B.

The Motion Panel's *Sua Sponte* Order Summarily Removing the District Judge Was Inaccurate and Substantively Unwarranted

26. The failure to accord the District Judge notice and an opportunity to be heard resulted in a *sua sponte* order of removal premised on inaccurate and incorrect assumptions concerning the behavior of the District Judge.

27. The Motion Panel found that the District Judge's colloquy with plaintiffs' counsel in *Daniels v. City of New York*, No. 99 Civ. 1695 (S.D.N.Y. filed March 8, 1999) concerning "the related case doctrine" constituted an "improper application of the related case rule" rising to the level of a violation of Canons 2 and 3(C)(1) of the Code of Conduct of United States Judges, and warranted her summary removal. See Exhibit 1.

28. Unfortunately, the Motion Panel's inaccurate characterization of the colloquy, as misreported in a newspaper article cited by the Motion Panel, provides a misleading impression of the District Court's behavior.

29. The Motion Panel did not attach the text of the colloquy to its order. A copy of the full colloquy is annexed hereto as Exhibit 4.

30. A fair reading of the actual colloquy could not lead a reasonable person in possession of all the facts to infer bias or lack of neutrality on the part

of the District Judge. See *United States v. Jacobs*, 955 F.2d 7, 10 (2d Cir. 1992); *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (en banc).

31. As a review of the text of the 42 page colloquy demonstrates, the discussion of Local Rule 13 dealing with the related case doctrine was in response to efforts by plaintiffs' counsel in *Daniels* to raise newly discovered evidence concerning the allegedly racially discriminatory nature of the NYPD's "stop and frisk" practices.

32. The District Judge firmly rebuffed efforts to interpret the settlement agreement in *Daniels* broadly to permit consideration of newly discovered evidence concerning racially discriminatory "stop and frisk" practices, noting that pursuing such a course would result in a waste of the court's time and the parties' resources because the *Daniels* case had been settled in a manner that made it inappropriate to consider the newly discovered evidence.

33. Instead, the District Court brought Local Rule 13 to the attention of counsel as an alternative that would achieve the desired result without wasting judicial resources. The District Judge's observation that she would accept a new case that would enable consideration of the newly-discovered evidence applied clearly established principles designed to achieve judicial economy.

34. Such a colloquy concerning a judicially efficient means of dealing with newly discovered evidence is indistinguishable from suggestions routinely made by district judges that pleadings be amended in order to permit the efficient consideration of additional issues relevant to the underlying dispute.

35. On remand after the Motion Panel's order of removal, counsel understand that both the *Floyd* and *Ligon* cases were assigned to the same trial judge precisely because they clearly fall under Local Rule 13 as related cases.

36. The District Court's recognition that judicial economy would be served by the invocation of the related case doctrine codified in Local Rule 13 is analogous to the decision of the Motion Panel to issue an order retaining jurisdiction over the appeal herein in the name of judicial economy.

37. The Motion Panel alleged, as well, that the District Judge had granted three press interviews in a manner that called her neutrality into question.

38. Once again, the Motion Panel failed to attach transcripts of the press interviews to its ruling. A fair reading of the text of the three interviews, annexed hereto as Exhibits 5, 6, and 7, reveals that no reasonable person could infer bias from the District Judge's responses.

39. In each of the three instances of press questioning, the District Judge explicitly refused to comment on legal issues raised in the pending litigation, and confined her responses to general discussions of constitutional law and explanations of the judicial process.

40. In one interview, the District Judge refuted an allegation circulated in the press by unknown persons that she had granted a disproportionate number of motions to suppress in criminal cases. See Exhibit 7.

41. The District Judge pointed out the methodological inadequacy of the so-called study by noting that it dealt only with written opinions, ignoring the massive number of oral denials of suppression motions that she had issued from the bench.

42. Counsel understand that the Corporation Counsel of the City of New York appeared personally in the District Judge's chambers to apologize for the misleading assertion, and to disclaim responsibility for it.

43. Discussion of important legal issues by members of the judiciary enriches the dialogue that is crucial to public understanding of the rule of law, and is consistent with the values underlying the First Amendment.

44. Given our First Amendment tradition, the general discussion of legal issues engaged in by the District Judge in the press interviews cited by the Motion Panel cannot be deemed to "run afoul" of any Canon of the

Code of Conduct for United States Judges, and cannot justify a *sua sponte* order removing her as a Judge in these proceedings.

45. Until the Motion Panel's *sua sponte* order directing removal, no party had questioned the District Court's conduct, had sought disqualification, or had alleged a violation of the Code of Conduct for United States Judges.

46. While *sua sponte* removal by an appellate court may be appropriate in a genuinely egregious case where the parties are unable to raise the issues freely, there is no basis for *sua sponte* appellate action in a setting where powerful litigants have declined to seek disqualification, even after the judicial conduct in question was critically described by a member of the Motion Panel during oral argument.

WHEREFORE, the undersigned counsel request leave to appear either as counsel to the District Judge, or as *amici curiae* on her behalf, in order to address the legal and factual issues raised by the Motion Panel's *sua sponte* order directing her removal in *David Floyd, et al. v. City of New York*, and *Jaenean Ligon et al. v. City of New York, et al.*

If the court deems it appropriate on the existing record, including this motion, counsel move, as well, that the order directing disqualification of

the District Judge be vacated; or, in the alternative, be reviewed *en banc* by the judges of the Circuit.

Dated: November 5, 2013
New York, New York

Burt Neuborne
(Lead Counsel of Record)
Norman Dorsen
Arthur R. Miller
Judith Resnik
Frederick A.O. Schwarz, Jr.

40 Washington Square South
New York, New York 10012
(212) 998-6172
burt.neuborne@nyu.edu